USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/4/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MEDIA PRODUCTS, INC., DBA DEVIL'S      :
FILM,                                   :
                                        :
                        Plaintiff,      :        12 Civ. 3719 (HB)
                                        :
        -against-                       :
                                        :
JOHN DOES 1–26,                         :
                                        :
                        Defendants.     :
------------------------------------------------------------X
MEDIA PRODUCTS, INC., DBA DEVIL'S      :
FILM,                                   :
                                        :
                        Plaintiff,      :        12 Civ. 3630 (HB)
                                        :
        -against-                       :
                                        :
JOHN DOES 1–40,                         :
                                        :
                        Defendants.     :
------------------------------------------------------------X
PATRICK COLLINS, INC.,                  :
                                        :
                        Plaintiff,      :        12 Civ. 2962 (HB)
                                        :
        -against-                       :
                                        :
JOHN DOES 1–4,                          :        <u>OPINION & ORDER</u>
                                        :
                        Defendants.     :
------------------------------------------------------------X

Hon. HAROLD BAER, JR., District Judge:

In late spring of this year, Media Products, Inc., and Patrick Collins, Inc., ("Plaintiffs")
moved to take expedited discovery from third-party Internet Service Providers ("ISPs") to
identify the John Doe defendants ("Doe defendants") in their respective cases. The Doe
defendants are accused of downloading copyrighted pornographic films through the peer-to-peer
file-sharing program BitTorrent. Prior to any discovery, Plaintiffs are able to obtain only the Doe
defendants' Internet Protocol ("IP") addresses, which are numeric labels specific to a computer

network that serve to identify and locate that network on the Internet, but not to further identify the defendant. In fact, a single IP address may host one or more devices operated or owned by multiple users (for example, a computer or handheld tablet), each communicating on the same network, such as with a wireless router or a business intranet.

I granted the ex parte motions, though not without some concern consequently. *See Media Prods., Inc. v. John Does 1–26*, No. 12 Civ. 3719 (HB), 2012 WL 2190613 (S.D.N.Y. June 12, 2012); *Media Prods., Inc. v. John Does 1–40*, No. 12 Civ. 3630 (HB) (S.D.N.Y. June 12, 2012) (ECF No. 5); *Patrick Collins, Inc. v. John Does 1–4*, No. 12 Civ. 2962 (HB), 2012 WL 2130557 (S.D.N.Y. June 12, 2012). To satisfy my concerns, I provided a period of time during which Doe defendants would remain anonymous and could move to quash the subpoena or take other actions before their identifying information was turned over to Plaintiffs. Such protective orders have become commonplace in BitTorrent suits. My hope was that this would allow Plaintiffs to overcome the hurdle of the anonymity of infringement on the Internet while at the same time shielding Doe defendants from the coercive tactics employed by Plaintiffs. The relatively small group of lawyers who police copyright infringement on BitTorrent have customized the concept of extracting quick settlements without any intention of taking the case to trial. *See, e.g., In re BitTorrent Adult Film Copyright Infringement Cases*, Nos. 11-3995, 12-1147, 12-1150, 12-1154, 2012 WL 1570765, at *5 (E.D.N.Y. May 1, 2012); *K-Beech, Inc. v. John Does 1–85*, No. 11-CV-00469, at 4 (E.D. Va. Oct. 5, 2011) (ECF No. 9). Particularly troubling for courts is the high probability of misidentified Doe defendants (who may be the bill-payer for the IP address but not the actual infringer) settling a case for fear of the disclosure of the allegations against them or of the high costs of litigation. *See Digital Sin, Inc. v. John Does 1–176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) (noting plaintiff's concession that approximately 30% of Doe defendants are misidentified).

One of the more difficult questions facing district courts is whether the joinder of tens and sometimes hundreds or thousands of unnamed defendants in these cases is proper.[1] The mechanics of file-sharing protocols have been explained in detail elsewhere, but they are critical for understanding why these cases exist. *See, e.g., Next Phase Distribution, Inc. v. John Does 1–27*, No. 12 Civ. 3755 (VM), 2012 WL 3117182 (S.D.N.Y. July 31, 2012). Simplified, BitTorrent

---

[1] Joinder of defendants is permissible if (1) a "right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences", and (2) a common question of law or fact will arise in the action. Fed. R. Civ. P. 20(a)(2).

and similar protocols break a large file into pieces while tagging each piece with a common identifier. Where in the normal course a user would download a file from a single source, and download it sequentially from beginning to end, with the BitTorrent peer-to-peer protocol, users join forces to simultaneously download and upload pieces of the file from and to each other. This reduces the bottleneck of Internet traffic that normally occurs at the server where the entire file is located and allows for faster download speeds for users. This interconnected web of information flowing between users, or peers, is called a swarm. It is this swarm that Plaintiffs have relied on in grouping Doe defendants together in a common suit. Ironically, there are swarms on both sides, for copyright locusts have descended on the federal courts, exacting low-cost settlements from embarrassed John Does and then moving on to the next District.[2]

    I am not ready to foreclose the possibility that joinder of peers who constitute a swarm may be appropriate in certain circumstances. Indeed, in my earlier orders I explicitly refrained from commenting on joinder. The split in the district courts regarding this question is not likely to be resolved anytime soon. *See Next Phase Distribution*, 2012 WL 3117182, at *3–4

---

[2] It is difficult to even imagine the extraordinary amount of time federal judges have spent on these cases. This is but a sample: *John Wiley & Sons, Inc. v. Doe Nos. 1–44*, 12 CIV. 1568 WHP, 2012 WL 3597075 (S.D.N.Y. Aug. 21, 2012); *Malibu Media, LLC v. John Does 1–24*, 12-CV-2070-WJM-MEH, 2012 WL 3400703 (D. Colo. Aug. 14, 2012); *Disc. Video Ctr., Inc. v. Does 1–29*, CIV.A. 12-10805-NMG, 2012 WL 3308997 (D. Mass. Aug. 10, 2012); *Malibu Media, LLC v. Felitti*, 12-CV-1522-WJM, 2012 WL 3030304 (D. Colo. July 25, 2012); *Malibu Media, LLC v. John Does 1–54*, 12-CV-1407-WJM, 2012 WL 3030302 (D. Colo. July 25, 2012); *Malibu Media, LLC v. John Does 1–5*, 12-CV-1405-WJM, 2012 WL 3030300 (D. Colo. July 25, 2012); *Bubble Gum Prods., LLC v. Does 1–80*, 12-20367-CLV-SE1TZ, 2012 WL 2953309 (S.D. Fla. July 19, 2012); *Malibu Media, LLC v. Does 1 through 13*, 2:12-CV-01513 MCE, 2012 WL 2800123 (E.D. Cal. July 9, 2012); *Millennium TGA, Inc. v. Comcast Cable Commc'ns LLC*, 12-MC-00150 RLW, 2012 WL 2371426 (D.D.C. June 25, 2012); *SBO Pictures, Inc. v. Does 1–20*, 12 CIV. 3925 SAS, 2012 WL 2034631 (S.D.N.Y. June 5, 2012), *reconsid'n denied*, 2012 WL 2304253 (S.D.N.Y. June 18, 2012); *Pac. Century Int'l v. Does 1–31*, 11 C 9064, 2012 WL 2129003 (N.D. Ill. June 12, 2012); *Zero Tolerance Entm't, Inc. v. Does 1–45*, 12 CIV. 1083 SAS, 2012 WL 2044593 (S.D.N.Y. June 6, 2012); *SBO Pictures, Inc. v. Does 1–20*, 12 Civ. 3925, 2012 WL 2034631 (S.D.N.Y. June 5, 2012), *reconsid'n denied*, 2012 WL 2304253 (June 18, 2012); *Zero Tolerance Entm't Inc. v. Does 1–45*, 12 Civ. 1083, 2012 WL 2044593 (S.D.N.Y. June 6, 2012); *Digital Sins, Inc. v. John Does 1–245*, 11 Civ. 8170(CM), 2012 WL 1744838 (S.D.N.Y. May 15, 2012); *K-Beech, Inc. v. Does 1–31*, 12 Civ. 88, 2012 WL 1431652 (D. Md. Apr. 24, 2012); *Patrick Collins, Inc. v. Does 1–21*, 11 Civ. 15232, 2012 WL 1190840 (E.D. Mich. Apr.5, 2012); *Hard Drive Prods., Inc. v. Does 1–59*, No. H-12-0699, 2012 WL 1096117 (S.D. Tex. Mar. 30, 2012); *Next Phase Distribution, Inc. v. Does 1–138*, 11 Civ. 9706(KBF), 2012 WL 691830 (S.D.N.Y. Mar. 1, 2012); *Digital Sin, Inc. v. John Does 1–179*, 11 Civ. 8172 (KBF) (S.D.N.Y. Feb. 1, 2012) (ECF No. 7); *Digital Sin, Inc. v. Does 1–176*, 12–CV–00126, 2012 WL 263491 (S.D.N.Y. Jan. 30, 2012); *SBO Pictures, Inc. v. Does 1–3036*, No. 11-4220 SC, 2011 WL 6002620 (N.D. Cal. Nov. 30, 2011); *DigiProtect USA Corp. v. Does 1–240*, 10 Civ. 8760, 2011 WL 4444666 (S.D.N.Y. Sept. 26, 2011); *Patrick Collins, Inc. v. John Does 1 through 37*, 2:12-CV-1259-JAM-EFB, 2012 WL 2872832 (E.D. Cal. July 11, 2012); *Malibu Media, LLC v. John Does 1 through 7*, 2:12-CV-1514-LKK-EFB, 2012 WL 2872842 (E.D. Cal. July 11, 2012); *CP Prods. Inc. v. Does 1–300*, 10 C 6255, 2011 WL 737761 (N.D. Ill. Feb. 24, 2011); *Maverick Entm't Grp., Inc. v. Does 1–2115*, 810 F. Supp. 2d 1, 12 (D.D.C. 2011); *First Time Videos, Inc. v. Does 1–500*, 276 F.R.D. 241, 252–53 (N.D. Ill. 2011); *First Time Videos, LLC v. Does 1–76*, 276 F.R.D. 254, 257 (N.D. Ill. 2011); *MGCIP v. Does 1–316*, 10 C6677, 2011 WL 2292958 (N.D. Ill. 2011); *Call of the Wild Movie, LLC v. Does 1–1,062*, 770 F.Supp.2d 332 (D.D.C. 2011).

(discussing well-reasoned opinions on both sides). I suspect the Rules of Procedure are flexible enough to accommodate these changes in technology. But the federal courts are not flexible enough to be shaped into "cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that [Plaintiffs have] no intention of bringing to trial." *Malibu Media, LLC v. John Does 1–10*, No. 12-cv-3623-ODW, at 6 (C.D. Cal. June 27, 2012) (ECF No. 7) (order severing doe defendants).

I join with Judge Marrero, *see Next Phase Distribution*, 2012 WL 3117182, at \*4–6, and exercise my discretion pursuant to Rules 20(b), 21, and 42(b) of the Federal Rules of Civil Procedure to sever and dismiss without prejudice all claims against all Doe defendants other than John Doe 1 in each of the above named cases. The defenses already asserted in my cases vary greatly and turn on different factual and legal questions, for example, unauthorized access to a wireless router, possible misidentified Doe defendants, and improper venue. I anticipate additional individualized defenses, such as minimal participation in a swarm (if it matters, a partially downloaded file is useless without all the pieces) and personal jurisdiction, as well as separate motions and discovery disputes. I am also troubled by the fact that some Doe defendants have already been voluntarily dismissed at this early stage in the litigation; it suggests as suspected that the pressure on Doe defendants to settle their case quickly and thereby avoid embarrassment and litigation costs—when they may not even have committed any infringement—is all too real. *See Mick Haig Prods., e.K. v. John Does 1–670*, No. 3:10-CV-1900-N, 2011 WL 5104095, at \*5 n.7 (N.D. Tex. Sept. 9, 2011) (quoting plaintiff's counsel as proudly reporting "a 45 percent settlement rate" (internal quotation marks omitted)). Therefore, in the interests of fundamental fairness and judicial economy, I have determined that permissive joinder, at least beyond the initial discovery on the ISPs, is not appropriate.

The Plaintiffs' tactic, if left unchecked, could turn copyright protection on its head. Congress intended to incentivize the creation of useful arts by providing a statutory right and a means of enforcement that would reward authors for their labors, hardly the Plaintiffs' strategy here. *See Raw Films, Inc. v. John Does 1–32*, No. 1:11-CV-2939-TWT, 2011 WL 6840590, at \*2 n.5 (N.D. Ga. Dec. 29, 2011) ("It is conceivable that the swarm joinder device could encourage the creation of works not for their sales or artistic value, but to generate litigation and settlements."); *On The Cheap, LLC v. Does 1–5011*, 280 F.R.D. 500, 504 n.6 (N.D. Cal. 2011) ("[This litigation strategy] raises questions of whether this film was produced for commercial

purposes or for purposes of generating litigation and settlements."). Damages for infringement are between $750 and $30,000 per work, with damages for willful infringement that reach as high as $150,000 per work. 17 U.S.C. § 504. In the BitTorrent pornography cases, settlements are for notoriously low amounts relative to the possible statutory damages, but high relative to the low value of the work and minimal costs of mass litigation. Cases are almost never prosecuted beyond sending demand letters and threatening phone calls. Severing the Doe defendants does not destroy the incentive to prosecute infringers who use peer-to-peer protocols; it merely restores the balance that Congress intended, not to mention that it ensures that courts receive the filing fees that Plaintiffs otherwise avoid. As another court has said, if a plaintiff "desires to vindicate its copyright rights, it must do it the old-fashioned way and earn it." *Malibu Media*, No. 12-cv-3623-ODW, at 6. The benefits of joinder in these cases cease once IPSs have been put on notice to preserve identifying information for particular IP addresses, and joinder thereafter serves, as far as I can tell, no legitimate or useful purpose.

Consequently, it is hereby

ORDERED that all Doe defendants except for John Doe 1 in each named case are SEVERED and DISMISSED without prejudice from this action. It is further

ORDERED that Plaintiffs shall immediately serve a copy of this Order on the ISPs identified in their complaints, and the ISPs shall serve a copy of this order on the Doe defendants. The ISPs may serve the Doe defendants using any reasonable means. It is further

ORDERED that the ISPs shall not turn over any further personal information to Plaintiffs other than as to John Doe 1 in each named case and in accordance with my earlier orders. If within 14 days of this Order Plaintiffs have not filed cases against the remaining individual Doe defendants and notified the ISPs of those cases, the ISPs are relieved from those earlier orders. It is further

ORDERED that Plaintiffs shall not contact any Doe defendant who does not remain in this or a subsequently-filed case, and any pending settlement not with John Doe 1 in each named case shall immediately cease. If after 14 days Plaintiffs have not reinstituted cases against the remaining Doe defendants, Plaintiffs shall destroy whatever personal information they presently have for those defendants and shall not use the information for any purpose. If any Doe defendant no longer named in a case is contacted following entry of this Order, I encourage them to contact the Court. It is further

ORDERED that to the extent not already modified, my earlier protective orders remain in effect.

**SO ORDERED.**

Date: 9/3/12
New York, New York

HAROLD BAER, JR.
**United States District Judge**

6